[No. 889.]

EDWIN A. VESEY, ADMINISTRATOR OF THE ESTATE OF H. M. VESEY, DECEASED, RESPONDENT, *v.* J. M. BENTON, APPELLANT.

COMPETENCY OF WITNESSES—SECTION 379 CIVIL PRACTICE ACT CONSTRUED.— Where the administrator of a deceased person is plaintiff, and testifies to a contract made by the deceased person with the defendant in his presence: *Held*, that under the provisions of section 379 of the civil practice act, Stat. 1877, 160, the defendant could not testify in his own behalf. This provision of the statute criticised.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*R. M. Clarke*, for Appellant.

The court erred in excluding the testimony of the defendant. He was a competent witness. (Stat. 1877, sec. 1; *Roney* v. *Buckland*, 4 Nev. 45.)

*John R. Kittrell*, also for Appellant.

*Thomas E. Hayden*, for Respondent.

By the Court, HAWLEY, C. J.:

The plaintiff, E. A. Vesey, testified in the court below, that as the agent of H. M. Vesey, deceased, during his lifetime, he made an agreement with the defendant to the effect that H. M. Vesey should board and lodge certain persons who were in the employ of defendant, for a certain price, which defendant agreed to pay.

The defendant offered himself as a witness in his own behalf to contradict the statements of the witness Vesey, but the court, upon the objection of plaintiff, excluded him from testifying.

This action of the court is sustained by the provisions of section 379 of the civil practice act: "No person shall be allowed to testify * * * when the other party to the transaction, or opposite party in the action, or the party for whose immediate benefit the action or proceeding is prosecuted or defended, is the representative of a deceased person, when the facts to be proved transpired before the death of such deceased person." (1 Comp. Laws, 1440.)

In this case the facts to be proved "transpired before the death" of H. M. Vesey. The "other party to the transaction" is E. A. Vesey, and he is "the representative of a deceased person."

The language of the statute, when applied to the facts of this case, is too plain to leave any room for construction.

It seems proper, however, in view of the results reached in *Crane, Hastings & Co.* v. *Gloster, ante*, and in this case to call the attention of the legislature to the crude and unsatisfactory provisions of the statute referred to.

The only object of incorporating any provision of exclusion is to prevent fraud and injustice.

The principle that ought to have been embodied in the law is that while a party may give evidence in his own behalf he shall not speak of the transactions and declarations of the opposite party, who is deceased. Death having

sealed the lips of one, the law ought to seal the lips of the other.

For obvious reasons it would not be proper to allow a party to testify against the representatives of a deceased person in respect to transactions had personally between the deceased person and the witness; but there is no valid reason for the adoption of a rule excluding a witness from testifying to a transaction had personally with the representative of the deceased person. In such a case the testimony of both the actors could and ought to be received and contrasted together for the purpose of ascertaining the truth.

As the law now stands, the district court was compelled, in *Crane, Hastings & Co.* v. *Gloster*, to allow the defendant to testify to a transaction had personally with a deceased member of the copartnership, because the survivors were not "the representatives of a deceased person." In this case the court was, by the express letter of the statute, compelled to reject the testimony of the defendant, notwithstanding the fact that the transaction testified to occurred with a person still living who was able to testify, and actually did testify, in the case, because such person was "the representative of a deceased person." Thus, as will readily be seen, giving to the defendant in the former, and the plaintiff in the latter case, an undue and unfair advantage.

A statute that leads to such results is repugnant to every sense of justice and of right, and ought to be amended.

Our duty, however, ends with deciding what the law is, and it must be left with the legislature to make it what it ought to be.

The judgment of the district court is affirmed.