[No. 870.]

B. F. HIGGS AND A. A. TRAVIS, RESPONDENTS, *v.* T. C. HANSON, ADMINISTRATOR OF A. L. PAGE, DECEASED, IMPLEADED WITH ANOTHER, APPELLANT.

SECTION 379 OF THE CIVIL PRACTICE ACT—COMPETENCY OF WITNESS—INCIDENTAL OR MATERIAL FACTS.—Where a witness is disqualified, under the provisions of section 379 of the civil practice act, he is a competent witness to testify to incidental and preliminary matters addressed solely to the judge; but cannot testify to any of the issues raised by the pleadings.

IDEM—AGENCY—DRAWING CHECKS.—The plaintiff was permitted to testify that he was the agent of defendant's intestate during his life-time, and was authorized by him to draw certain bank checks: *Held*, that the agency of Higgs was a material fact to be decided by the jury, and that the court erred in admitting the testimony, the witness Higgs not being a competent witness, under the provisions of section 379.

PLEADINGS—PARTIES HAVING NO JOINT INTEREST AS PLAINTIFFS.—In a suit to foreclose a mortgage, it appearing that plaintiffs had no joint or common interest in the money advanced upon the mortgage: *Held*, that these facts should have been alleged in the complaint, and that the decree should be made to conform therewith.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts sufficiently appear in the opinion.

*Ellis & King*, for Appellants.

I. The court erred in admitting the testimony of the witness Higgs as to the existence or fact of his agency, and as to his authority to draw the bank checks in question. (Civ. Pr. sec. 379; Stat. 1869, 255; *Roney* v. *Buckland*, 4 Nev. 45.)

II. The complaint alleges a joint demand. In such a case, there must be a joint demand or claim proved. (Barbour on Parties, 21-4; Civ. Pr. sec. 14; Laws 1869, p. 197; *Riley* v. *Marshall*, 5 Ala. 682; *Lombard* v. *Cobb*, 14 Me. 222; *Doremus* v. *Seldon*, 19 Johns. 213; *Parker* v. *Leek*, 1 Stew. 523; *Prescott* v. *Newell*, 39 Vt. 82; *Brent* v. *Firebaugh*, 12 B. Mon. 87; *Jones* v. *Etheridge*, 6 Porter, 208.

*R. M. Clarke*, for Respondent.

The transaction testified to by Higgs was the payment or

redemption of the checks, not the making of them. His evidence was upon a preliminary matter, and was competent. (*Bagley* v. *Eaton,* 10 Cal. 126; *Landis* v. *Turner,* 14 Id. 573.)

By the Court, BEATTY, J. :

Defendant's intestate, during his life-time, executed and delivered to the plaintiffs a mortgage of certain real estate to secure the payment of a promissory note for two thousand dollars, and to secure the repayment to the mortgagees of all other moneys which they might advance for specified purposes on account of the mortgagor, not exceeding five thousand dollars, inclusive of the note. This is a suit to foreclose the mortgage, and the appeal is from the judgment and an order overruling a motion for a new trial.

The grounds of the motion were errors of law occurring at the trial, and insufficiency of the evidence to justify the verdict.

The first specification of error in the rulings of the court at the trial is, that the court erred in permitting the plaintiff Higgs to testify that he was the agent of defendant's intestate during his life-time, and authorized by him to draw certain bank checks, which were introduced in evidence. The defendant objected to this testimony at the time it was offered, on the ground that he, the defendant, the opposite party to the action, was the representative of a deceased person.

It is admitted that Higgs was disqualified as a witness by section 379 of the practice act, unless he was a competent witness as to the facts testified to by him, before and independent of the statute which permits parties to testify in their own behalf. (Pr. Act, sec. 376 *et seq.*) But it is claimed that his testimony related exclusively to an incidental and preliminary matter addressed solely to the judges, and not to the issues raised by the pleadings. In support of this proposition, we are referred to cases in which parties were permitted, before the statute, to prove the loss or destruction of written instruments by way of foundation for the introduction of secondary evidence of their contents, and cases

in which parties by their own testimony laid the foundation for the admission of their books of account. In our opinion these cases are not in point. The testimony of Higgs related directly to one of the issues in the case. It was material to show that Page drew the checks; the mode of showing it was by proof of the authority of Higgs to draw them as his agent; the agency of Higgs was a fact to be decided by the jury (supposing a jury to have been sitting in the case) and not as a preliminary matter to be decided by the judge as such. This, according to the cases referred to, is the test of the competency of a party as a witness before the statute. He could only testify to incidental and preliminary matters which were to be decided by the judge, and could not testify to facts that were to be found by the jury.

The court erred in admitting the testimony of Higgs against the objection of appellant, and for this error the judgment and order appealed from must be reversed. The findings of fact are also against the evidence in one or two particulars, which materially affect the judgment.

The uncontradicted testimony of Higgs is that eight hundred and fifty dollars and fifty-two cents of the amount claimed for advances under the mortgage was due to him individually before the execution of the mortgage, and if so, it is not secured by the mortgage, which by its terms includes only money to be advanced after the date of its execution.

The testimony of both plaintiffs, moreover, is to the effect that they had no joint or common interest in the money advanced upon the mortgage. If this is so the complaint ought to be amended in accordance with the facts, and the decree made to conform therewith. It should order a sale of the premises and the application of the proceeds, first to the payment of the note, and next to the payment of the sums due to the plaintiffs severally, with several judgments in their favor for any deficiency in the amounts to which they are severally entitled.

Judgment and order reversed and cause remanded.