[No. 1516.]

## WILLIAM BURGESS, RESPONDENT, *v.* FRANK HELM, AS ADMINISTRATOR OF THE ESTATE OF MRS. WILLIAM McDONALD, DECEASED, APPELLANT.

PRACTICE—DEMURRER—AMBIGUOUS COMPLAINT. A complaint which is ambiguous in respect to whether the cause of action is based on an express or implied contract should be attacked on the seventh statutory ground for demurrer set forth in Gen. Stats. 3062 (Civil Code, 40), providing for demurrer to a complaint that it is ambiguous, unintelligible, or uncertain, and not by general demurrer.

PLEADING AND PROOFS—VARIATION, WHEN DISREGARDED. Where an action is brought for the price of services fixed by an express contract, and there is only proof as upon a *quantum meruit,* the variance between the pleading and the proof may be disregarded, and a recovery by plaintiff sustained, unless the defendant was misled thereby in his defense.

CONTRACTS—VALUE OF SERVICES—QUANTUM MERUIT. Where an action for services is brought on a *quantum meruit,* and a specified contract is proved, fixing the price of the services, the stipulated price becomes the *quantum meruit* in the case.

PRACTICE—COMPETENCY OF WITNESS—ONE PARTY TO ACTION OR TRANSACTION DEAD. Section 379 of the civil practice act (Gen. Stats. 3401) as amended (Stats. 1897, p. 44), providing "that no person shall be allowed to testify, when the other party to the transaction is dead, or when the opposite party to the action or person for whose immediate benefit the action or proceeding is prosecuted or defended

is the representative of a deceased person when the facts to be proved transpired before the death of such deceased persons," does not prohibit witnesses, who are not parties to the action, and have no interest in the result thereof, from testifying concerning conversations had with the deceased person, who was the opposite party to the transaction in controversy, and concerning such transaction.

APPEAL from the District Court of the State of Nevada, Ormsby county; *C. E. Mack*, District Judge:

Action by William Burgess against Frank Helm, administrator of the estate of Mrs. William McDonald, deceased, to recover value of services. From a judgment for the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*A. J. McGowan* and *J. Emmett Walsh*, for Appellant: .

I.   A person presenting a claim to an administrator of an estate for allowance is bound by the claim as he presents it. If he presents it founded upon an express contract, and it is rejected, his cause of action to substantiate it must be founded upon an express contract, and *vice versa*. He must inform the administrator upon what he relies, and having done so as in this case, he cannot, unless he presents his claim over again, change the nature of the cause of action which would necessarily flow from its rejection. (*Maughan* v. *Brown's Estate*, 23 Atl. 583; *Roberts* v. *Levy*, 31 Pac. Rep. 570; *Wilkes* v. *Cornelius*, 21 Or. 352; *Litchenberg* v. *McGlynn*, 105 Cal. 45; *McGrath* v. *Carroll*, 110 Cal. 79; *Hunt* v. *Ratt*, 108 Cal. 288.)

II.  The presentation of a claim to an administrator is a condition precedent to the bringing of an action against him, if the same is rejected. Nothing can be added to it; it cannot be altered or changed in the least degree. The complaint must show a presentation and rejection of the claim on which the action is founded, or a legal reason excusing such presentation.

III. Respondent never presented a claim founded upon an implied contract, and now, we assert, he cannot recover in a cause of action which does not follow the claim as it was presented. (*Wilkes* v. *Cornelius*, 21 Or. 352.)

IV.  The complaint does not state facts sufficient to con-

stitute a cause of action, for it contains a statement of a cause of action based upon an implied contract, which was never presented to the administrator, and the exhibit attached thereto, and sought to be made a part thereof, shows an entirely different statement of the case which the pleader thought could be reconciled with the allegations in the complaint.

V. The complaint is also objectionable on the ground of inconsistency, as the allegations of the complaint taken separately would only allow the introduction of evidence tending to show the existence of an implied contract between the parties, while the exhibit standing alone would only admit evidence tending to show the existence of an express contract.

VI. The law requires that claims presented against the estates of deceased persons shall contain a statement of the nature of the claim and shall be supported by an affidavit that the amount is justly due and correct, for the sole purpose of apprising the representative what the nature of the claim is. If it were that a person could change the cause of action stated in his verified claim, when he brings an action against an estate, the primary object of the law would be violated.

VII. When the claim was rejected, he should have sued upon a cause of action, which was predicated upon the claim he presented. He could not institute a cause of action not founded or based upon the claim as presented. If he relied upon an implied contract, he should have presented a claim founded upon such a state of facts. And he could have done so, even after the rejection of his first claim, by accepting the disapproval of the administrator, and presenting, in time, his second claim based upon an implied contract. (*In re Sullenberger*, 72 Cal. 549; *Dickey* v. *Dickey*, 45 Pac. Rep. 228.)

VIII. Witnesses were allowed to testify over appellant's objection as to conversations had with Mrs. McDonald, in her lifetime, by them, in regard to the wages she was paying respondent. We maintain such testimony was not admissible, as it relates to transactions with deceased persons. (Stats. 1897, p. 44; *Gage* v. *Phillips*, 21 Nev. 150.)

IX. Our statute, as amended (Stats. 1897, p. 44), is pecul-

iar in its wording and meaning.  It is not copied after any other statute, but stands out separate and distinct from the statute of any other state.  It says: "No person shall be allowed to testify when the other party to the transaction is dead."  No person means any person in this case.  Our statute does not say: "A person shall be incompetent as a witness in his own behalf concerning a personal transaction had with a decedent."  It declares "that no person shall testify to a transaction when the opposite party is dead."  Any fact communicated to a person by a party who has since died, under our statute, we claim, is not admissible, because the person who is alive is not competent as a witness under our statute.

X.  Again, when death has sealed the lips of one party, it is not justice to allow another one to testify to facts which, if the deceased were alive, he could contradict, explain or qualify.  Also, any statement made should be excluded, for if the deceased could contradict, explain or qualify the testimony, if living, it comes within the rule.  No transaction with or statement by a deceased person is excepted, but all are included, as the statute makes no distinction, and all statements are prohibited.  (*Kroh* v. *Heins*, 67 N. W. 773.)

*Alfred Chartz*, for Respondent:

I.  The burden of defendant's case is that there is a variance between the claim, as presented to the administrator, and the allegations of the complaint.  Plaintiff contends that the claim as presented is neither expressed nor implied.  In the claim he demands wages at the rate of $12 per month.  He does not say at the agreed rate of $12 per month, and he does not say that $12 a month is a reasonable compensation for his services.  It may mean either.  In his complaint he says that his labor and services were reasonably worth the sum of $12 a month.  Where does the conflict come in?  He attached a copy of the claim as presented, and as presented he makes it part of the complaint, and asks for but one judgment, thus blending the two in one.  There is nothing in the claim as presented to exclude the idea that the services were not to be paid for according to their reasonable value, and there is nothing in the complaint, which makes the claim as

presented a part of the complaint, to exclude the idea that there was not a special contract. If the complaint, by reason of setting up two causes of action and demanding but one relief, was ambiguous and uncertain, the remedy was by motion to elect. But appellant simply demurred, and when he went to trial without objection to taking testimony, he waived his objection to the complaint on his demurrer. The defendant was not prejudiced by the pleading. True, counsel claimed such prejudice, and when asked by counsel for plaintiff for proof of that fact, he said he took that back. Counsel for defendant thus disclaimed having been either misled or prejudiced by the pleading, and the case was tried upon its actual merits. (*Lonkey* v. *Wells*, 16 Nev. 271; Gen. Stats. 3090, 3093; Rice on Ev. p. 666, note K, *et seq.*; *Whitmore* v. *Shiverick*, 3 Nev. 288; *James* v. *Goodenough*, 7 Nev. 324; 3 Starkie on Ev. 1525, *et seq.*; *Patterson* v. *Keystone M. Co.*, 30 Cal. 374; *Whitton* v. *Sullivan*, 96 Cal. 480.)

II. "Where, in an action for labor and services, the complaint seeks to recover on a *quantum meruit*, and upon the trial the only evidence of the value of the services is proof of an agreement on the part of the defendant to pay a specific sum, this constitutes the measure of damages." (*Ludlow* v. *Dole*, 62 N. Y. 617. See, also, *Sussdorff* v. *Schmit*, 55 N. Y. 320; *Fells* v. *Vestvali*, 2 Keyes, Court of Appeals, N. Y. 152.)

III. Without proof " to the satisfaction of the court " that defendant had been misled, the variance is to be deemed immaterial, and no amendment of the complaint is necessary. (Rice on Ev. p. 666, quoting *Place* v. *Minister*, 65 N. Y. 89.)

IV. "Where the contract has been fully executed, and nothing remains to be done but the payment of the money, the amount due may be recovered in *indebitatus assumpsit*, and in such case it is not necessary to declare upon or set out the special agreement." (*Eyser* v. *Weisberger*, 2 Iowa, 463; *Formholz* v. *Taylor*, 13 Iowa, 500; *Fowler* v. *Austin*, 26 Am. Dec. 702.)

V. Counsel complain that the court erred in permitting witnesses to testify to admissions made by the deceased in her lifetime, on the ground that she is now dead, and on the

further ground that plaintiff was not present during such conversations. The statute governing the admission of such testimony has reference to parties having an interest in the result of the action, and the fact that plaintiff was not present at the time such conversations were held with deceased in her lifetime makes their testimony so much more credible, because her admissions then could not have been made under duress. Burgess himself did not testify to a single fact which deceased could have contradicted if alive, for lack of equal opportunity to know.

By the Court, BONNIFIELD, J.:

The plaintiff duly filed with the Clerk of the District Court of the First Judicial District of the State of Nevada, in and for Ormsby county, his claim against the estate of said deceased, to wit:

" Estate of Mrs. William McDonald, deceased, to William Burgess, Dr., for wages from February 15, 1890, to April 13, 1897, as a laborer working for deceased upon and about her home at the rate of $12 per month, $1044. Credit by cash paid on account of wages during said period and for clothes purchased by deceased and furnished claimant, $245; balance, $799."

The administrator rejected the claim, hence this suit. The jury found for the plaintiff in the sum of $500. Judgment was given accordingly with costs. The defendant appeals from the judgment and from an order of the court denying his motion for new trial.

It is alleged by the complaint, substantially, that the plaintiff worked, as a laborer, on the farm and in and about the premises of Mrs. William McDonald, deceased, at her request, from February, 1890, to April, 1897; that the plaintiff filed his claim on which this action is brought against said estate for his said services with the clerk of said court; that the same was presented by the clerk to the defendant as such administrator, for allowance, and by the defendant rejected; "that a copy of said claim as presented is hereto attached and made a part of this complaint"; that said services are reasonably worth the sum of $12 per month; that no part of the same has been paid except the sum of $245; and

that there remains due and unpaid thereon to the plaintiff the sum of $799.

The defendant demurred to the complaint on the grounds that the court had no jurisdiction of the subject matter, and that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, to which exception was taken, and the ruling of the court is assigned as error.

The particular grounds specified, argued and urged by counsel in support of the demurrer are: " That the action herein sought to be maintained is one upon a *quantum meruit,* while the claim filed and presented to the defendant, as such administrator, for allowance or rejection, was founded upon an express contract.

" That the complaint filed in said action is not founded or based upon the claim which is alleged to have been presented to defendant.   *   *   *

" That the claim upon which the cause of action is set out in the complaint was never filed or presented to the defendant."   *   *   *

The complaint shows that the action was brought on the said claim, which was presented to and rejected by the defendant. If that claim is based upon an express contract between the plaintiff and Mrs. McDonald, deceased, and to recover an agreed price for said services, then this action is founded on that character of claim, and not upon an implied contract for the payment of what said services were reasonably worth. If the defendant regarded the complaint as being uncertain or ambiguous in the above respect, and that it was material for him to be informed, for the purposes of his defense, as to the character of the contract on which the plaintiff based his claim against the estate, he should have demurred on the " seventh " statutory ground of demurrer.

· If the claim on which this action was brought be regarded as a claim based on an express agreement, and for an agreed rate of compensation for the services performed, a recovery by the plaintiff upon proper proof of the services and of their value must be sustained. At most, it would only be a variance between the pleading and proof which might be disregarded unless it misled the defendant to his prejudice,

which is not pretended, but counsel for defendant admitted in open court below that he was not misled. (Gen. Stats. sec. 3093; *Sussdorff* v. *Schmit*, 55 N. Y. 319.)

"Under an allegation of an agreed price, if there is a failure to prove the agreement as to price, evidence of value is competent for the purpose of a recovery of what the article was fairly worth, but not to sustain a recovery beyond the amount alleged." (*Livingston* v. *Wagner*, 23 Nev. 57.)

"Under an allegation of a contract to pay a specified rate of compensation, plaintiff may prove a promise to pay what the services were really worth or an implied promise to pay the usual compensation." (Abbott's Trial Ev. 367, and cases cited.)

Upon the other hand, under a complaint on a *quantum meruit* for services, where a specified contract is proved, fixing the price for services, the stipulated price becomes the *quantum meruit* in the case. (*Fells* v. *Vestvali*, 2 Keyes, 152.)

If the plaintiff was entitled to recover at all, it was on the ground that the services had actually been rendered, and after complete performance of an express contract there is no reason why a recovery may not be had upon a complaint on *quantum meruit* (Id.), when the opposite party to the action has not been misled in his defense.

The plaintiff introduced and examined several witnesses, having no interest in the result of the suit, to prove the declarations and conversations made to and had with the several witnesses by Mrs. William McDonald, during and at the time the plaintiff was engaged in performing the alleged services, concerning the character of work he was performing for her, the amount of wages he was to receive therefor and the terms of payment. Counsel for defendant objected to the evidence on the ground that the other party to the transaction is dead. The court overruled the objections, and these several rulings are assigned as error. The objections were based on the 379th section of the civil practice act, as amended, Stats. 1897, p. 44.

The civil practice act, sec. 376, provides: "All persons without exception, otherwise than as specified in this chapter, who, having organs of sense, can perceive, and perceiving can make known their perception to others, may be witnesses

in any action or proceeding in any court of this state. Facts which, by the common law, would cause the exclusion of witnesses may still be shown for the purpose of affecting their credibility."

The evident object the legislature had in view in enacting the above provisions was to abrogate the general common-law rule which rendered incompetent, as witnesses, in an action or proceeding, the parties thereto or persons having a direct interest in its results, except, as provided in certain subsequent sections, among which is section 379, which declares "that no person shall be allowed to testify, when the other party to the transaction is dead, or when the opposite party to the action or person for whose immediate benefit the action or proceeding is prosecuted or defended is the representative of a deceased person, when the facts to be proved transpired before the death of such deceased persons."

That is, as applicable to this case, under said objection, no person who is a party to the action or who has a direct interest in the result of the action shall so testify when the other party to the transaction is dead.

The said witnesses in this case were not parties to the action, nor had they any interest in the result of the action.

The contention of counsel is, in effect, that, under the above provisions of the statute, persons having no interest in the litigation, as parties thereto, or otherwise, are equally, with the parties to the action and persons directly interested in its result, rendered incompetent to testify when the other party to the transaction is dead. If such construction of the statute be correct, then the legislature has practically closed the doors of the courts against the creditors of deceased persons, and against all persons having any character of action arising upon any transaction when the other party to the transaction is dead.

We are not willing to ascribe to the legislature such unjust and absurd purpose. Neither the letter, object nor spirit of the statute supports the construction contended for by counsel.

The judgment and order appealed from are affirmed.