307 P.2d 615 (1957)
In re KIMBLE'S ESTATE.
In the Matter of the Estate of Lucy V. Kimble, Deceased.
Lester E. KIMBLE, Appellant,
v.
FIRST NATIONAL BANK OF NEVADA, Special Administrator of the Estate of Lucy v. Kimble, Deceased: Addie Coder, Savada I. Swaney Dorothy Louise Swaney and Anna Haney, Respondents.
No. 3896.
Supreme Court of Nevada.
February 19, 1957.
Charles E. Catt, Las Vegas, for Appellant.
Jones, Wiener & Jones, George M. Dickerson and John F. Mendoza, Las Vegas, for Respondents.
EATHER, Justice.
This appeal involves a will contest. The appeal is from judgment of the district court admitting to probate the will of Lucy V. Kimble, deceased. Upon completion of the appellant's case the court took the case from the jury and ordered dismissal upon the ground that appellant had failed to prove a sufficient case for the jury. Rule 41 (b) NRCP. Appellant, son of the testatrix, opposed probate upon the ground that the decedent was not competent to *616 make a last will and testament because of insanity and unsoundness of mind.
Appellant assigns as error the refusal of the court to admit oral testimony with reference to conversations had with deceased for the purpose of demonstrating mental derangement which would affect her ability to execute a will. The court rejected the testimony as prohibited under sec. 48.010 and sec. 48.030 NRS which provide in part as follows: Sec. 48.010 "* * * No person shall be allowed to testify (a) when the other party to the transaction is dead. (b) When the opposite party to the action, or the person for whose immediate benefit the action or proceeding is prosecuted or defended, is the representative of a deceased person, when the facts to be proven transpired before the death of such deceased person. * * *." Sec. 48.030 "The following persons cannot be witnesses * * * 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."
Five witnesses were called by appellant to establish the incompetency of the deceased. They all were neighbors who had observed her conduct and talked with her. No one of them had the slightest interest in the action or in its outcome. They were permitted to testify as to the conduct of the deceased, but as to each of the five witnesses all testimony as to conversations had with the deceased or statements made by her was excluded. That this hampered them in the presentation of their evidence is disclosed by their comments. In the examination of one witness we note the following: "By the Court: Just state * * * what happened. Ans. Well, she kept telling me what had happened in her family. I couldn't very well tell it without saying what she said or the equivalent of it." With another witness the following exchange occurred: "By the Court: * * * I don't want what she said. I want her conduct without any conversation." * * *. Ans. How could I express her conduct without telling what she said? By the Court: Tell what she did. * * * Ans. She did nothing but sit there and talk."
In our opinion it was error to exclude such testimony. As stated In Re Miller's Estate, 31 Utah 415, 88 P. 338, 343, "What a man says to those about him is a reliable test of the strength or weakness of his mental condition. For such purpose the declarations made by the testator both before and after the execution of the will may be shown."
The witnesses, not being parties to the action and having no interest in its result, do not belong to the class which sec. 48.010 NRS renders incompetent. Burgess v. Helm, 24 Nev. 242, 51 P. 1025; Onesti v. Samoville, 48 Nev. 441, 233 P. 846; Su Lee v. Peck, 49 Nev. 124, 240 P. 435.
The proceedings did not involve a claim against the estate which would tend to reduce or impair the estate, but is rather a dispute between living persons as to who was entitled to share in the estate. Sec. 48.030 NRS does not, therefore, affect the competency of its witnesses to give testimony. Duckett v. Duckett, 77 U.S. App. D.C. 303, 134 Fed.2d 527, 529; In Re Welch's Estate, 60 Ariz. 215, 134 P.2d 701; In Re Miller's Estate, supra; In Re Anderson's Estate, 114 Wash. 591, 195 P. 994.
The only answer made by the respondents with reference to this assignment of error seems to be that it has not been shown to be prejudicial in that the appellant did not follow up with an offer of proof so that we do not know that the conversations, if admitted in evidence, would have altered the situation. Rule 43 (c) NRCP provides for offer of proof. However, it would seem that the reason and purpose of the offer is simply to establish that evidence which upon its face would not appear to be material is in fact material. Failure to make an offer of proof where the evidence upon its face is material does not preclude a party from questioning on *617 appeal the propriety of the trial court's exclusion of evidence. Meaney v. United States, 2 Cir., 112 Fed.2d 538; 130 A.L.R. 973; 53 Am.Jur., p. 90, sec. 101 (Trial). The question for the jury would have been whether the decedent was suffering from such a derangement of mind as would render her incompetent to make a will or as would have created delusions and hallucinations which would have affected her disposition to recognize her son, the contestant of the will. The conversations had with the decedent may very well have gone to the heart of the issues which the jury was called on to decide.
Reversed and remanded for new trial.
BADT, C.J., and MERRILL, J., concur.
Table of corresponding N.C.L. Sections.

 NRS N.C.L.
Sec. 48.010 Sec. 8966, 1929
Sec. 48.030 Sec. 8970, 1929