## NEUMAN, RESPONDENT, *v.* GRANT, APPELLANT.

(No. 2,439.)

(Submitted October 11, 1907. Decided October 25, 1907.)

[92 Pac. 43.]

*Mechanics' Liens—Joinder of Causes of Action—Verified Account—Sufficiency—Costs.*

Mechanics' Liens—Joinder of Causes—On Contract—*Quantum Meruit*—When Permissible.

1. Where plaintiff in a suit to foreclose a mechanic's lien joined a count on an express contract for the construction of a cistern, with a count on a *quantum meruit*, the averments of each not having been so inconsistent as to be contradictory, and where the defendant was not misled to his prejudice, a demurrer on the ground of ambiguity and uncertainty was properly overruled.

Same—Verified Account—Sufficiency.

2. A verified account attached to a mechanic's lien statement, reciting a charge for excavating a cistern, $8, mason's helper, $6, drayage, 50 cents, cement, $8.75, lime, $5, sand, $1.50, brick, $20, mason's work and contractor's services, $20.25, total, $70, constituted a substantial compliance with Code of Civil Procedure, section 2131, as amended by Laws of 1901, page 162, requiring the filing with the county clerk of a just and true account of the amount due after allowing all credits, etc.

Same—Costs—Improper Allowance.

3. Under section 1863 of the Code of Civil Procedure, prescribing the costs allowable in a suit to foreclose a mechanic's lien, it was error to allow items charged for preparation and verification of the lien and for abstract of title to the property covered by the lien.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by A. T. Neuman against E. R. Grant. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

*Mr. Chas. W. Pomeroy,* for Appellant.

*Mr. B. F. Maiden,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a decree of foreclosure of a mechanic's lien, entered by the district court of Flathead county. The complaint contains two counts, so called. The charging part

of the first count is as follows: "That heretofore, to-wit, on or about the fifteenth day of August, 1905, this plaintiff and the said defendant, Grant, entered into a contract and agreement, as follows: Said plaintiff, at the special instance and request of the defendant, Grant, agreed to dig, and excavate, wall up with brick, line with cement, and finish in a good and work-manlike manner, one fifty-barrel cistern on the premises here-inafter described, and then and there and now belonging in fee to the said Grant, situate in the town of Whitefish, county of Flathead, and state of Montana, all for a reasonable sum; and said Grant agreed that; in consideration of the plaintiff's doing such work and furnishing such material, he would pay to said plaintiff, upon the completion of such work, a reasonable sum therefor. That thereafter, in a reasonable time, to-wit, before the twenty-ninth day of October, 1905, plaintiff did all the work and furnished all the materials on and about the construction of said cistern, and completed the same in a good and work-manlike manner. And that such work and materials were and are reasonably worth the sum of seventy ($70,00) dollars."

The second count sets forth: "That heretofore, to-wit, on or about the fifteenth day of August, 1905, this plaintiff and said defendant, Grant, entered into an agreement and contract as follows: Said plaintiff, at the special instance and request of said Grant, agreed to dig and excavate, wall up with brick, line with cement and finish in a good and workmanlike manner, one fifty-barrel cistern on the premises hereinafter described and then and there and now belonging to the said Grant in fee, sit-uate in the town of Whitefish, county of Flathead, and state of Montana, all for the sum of $70; and said Grant agreed that in consideration of the plaintiff's doing such work and fur-nishing such material, he would, on such completion of the same pay to the said plaintiff the sum of seventy ($70.00) dollars. That thereafter, in a reasonable time, before the 29th day of Oc-tober, 1905, [plaintiff] did all the work and furnished all the materials, in, on, and about such construction of said cistern, and completed the same in a good and workmanlike manner."

Defendant filed a demurrer to this complaint, as follows: "That the said complaint is ambiguous: (a) In that two causes of action are therein attempted to be stated, neither of which are sufficiently distinct and separate so as to enable the defendant to determine whether the plaintiff relies upon the one or the other for his recovery. (b) In that one cause of action is stated in two separate counts which are contradictory and inconsistent." The court overruled the demurrer, and, in default of further pleading on defendant's part, entered a decree of foreclosure of the lien. Defendant appeals.

It is urged on the part of appellant that the court erred in overruling his demurrer, and he relies chiefly on the case of *Reed* v. *Poindexter*, 16 Mont. 294, 40 Pac. 596, where the late Justice De Witt, speaking for the court, said: "The complaint was certainly ambiguous. The two causes of action to which the demurrer refers are in fact but one cause of action, differently stated, and contradictorily stated. The plaintiffs sought to follow the personal property into the hands of Poindexter and Jones, who were persons other than the original purchaser of the property. The complaint stated in one place that the property was transferred to said Poindexter and Jones as assignees for the benefit of creditors. Again, the complaint stated that the transfer was made to these persons in payment of a debt due by the Commercial Company to said Poindexter. One of these statements may be true. They are certainly not each true, for the reason that they contradict each other. It is true, as the defendants set up in their demurrer, that they cannot determine upon which of these contradictory allegations the plaintiffs rely. One may not set up his cause of action in terms which contradict each other and expect a defendant to answer. We think the judgment must be sustained upon the second ground of the demurrer." We, however, do not understand that case to be in point here. There the allegations in the different counts were inherently contradictory, and, as the court said, both could not possibly be true. In the case at bar the allegations in both counts may have been true. The contract be-

tween the parties, being oral, may have been to the effect that the defendant would pay what the work was reasonably worth, to-wit, $70. The complaint shows that both counts spring from the same transaction or agreement.

The case of *Blankenship* v. *Decker,* 34 Mont. 292, 85 Pac. 1035, seems to cover the question at issue. In that case this court said: "That the court may, in its discretion, under Code of Civil Procedure, section 672, permit the same cause of action to be stated in different counts in order to meet the exigencies of the case as presented by the evidence, counsel for defendants concede." And: "Upon a complete performance of an express contract for services at a stipulated compensation, there seems to be no sound reason why a recovery may not be had upon the *quantum meruit.* In such case the effect of proof of the express contract is to make the stipulated compensation the *quantum meruit* in the case; and, the fact that it must be evidenced by a writing being a matter of proof and not of pleading, the form of the pleading does not affect the merits." In this case there was no answer, and the evidence offered by the plaintiff is not in the record. The following cases seem to be in point: *Burgess* v. *Helm,* 24 Nev. 242, 51 Pac. 1025; *Sussdorff* v. *Schmidt,* 55 N. Y. 319; *Fells* v. *Vestvali,* 2 Keyes (N. Y.), 152; *Livingston* v. *Wagner,* 23 Nev. 53, 42 Pac. 290. (See, also, Bliss on Code Pleading, sec. 120; 5 Ency. of Pl. & Pr. 321, and notes.)

We find nothing in the Codes to prohibit the plaintiff, acting in good faith, from stating a single cause of action in two counts, as was done in this case—when the averments of each are not so inconsistent as to be contradictory, and the allegations of either, or both, may be true, dependent upon the evidence to be produced, where the defendant is not misled to his prejudice, and the exigencies of the case seem to demand such form of pleading. (*Berry* v. *Craig* (Kan.), 91 Pac. 913.)

Appellant's second contention is that "the complaint does not support the decree of the court recognizing the validity of the lien," because "the statement of plaintiff's claim in the lien

is entirely at variance with that alleged in the two counts of the complaint.'' The following is a copy of the verified account attached to and made a part of the claim of lien: ''Specifications of labor and material used on said contract: Work—Excavating, $8.00; mason's helper, $6.00; drayage, $.50. Material—Cement, $8.75; lime, $5.00; sand, $1.50; brick, $20.00. Mason's work and all services of A. T. Neuman, contractor, $20.25. Total, $70.00.''

In the case of *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428, this court said: ''The manner of perfecting a mechanic's lien consists of various steps, which are purely statutory, and, while the statute is in some respects remedial in its nature, and thus far should be construed liberally, it creates a new right, and the statutory proceedings by which this new right is perfected and enforced must be strictly followed.'' We think the claim of lien in this case was in substantial compliance with the statute. If anything, it was more specific than was necessary, under section 2131, Code of Civil Procedure, as amended by Laws of 1901, page 162. This court, in the case of *Black* v. *Appolonio,* 1 Mont. 342, said that all the statute requires is that the claimant should honestly state his account.

The trial court allowed the plaintiff, as costs, $5 for preparation and verification of lien, and $1.50 for abstract of title to the property covered by the lien. There was no warrant for this. The right to collect costs is purely statutory, and our statute (Code Civ. Proc., sec. 1863) does not cover these items.

This cause is remanded to the district court of Flathead county, with directions to strike from the judgment the two items of costs above mentioned, whereupon the judgment will stand affirmed, as so modified.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.