DALGARNO, RESPONDENT, *v.* HOLLOWAY, APPELLANT.

### (No. 4,044.)

(Submitted November 13, 1919.   Decided December 8, 1919.)

[186 Pac. 332.]

*Actions—Real Property—Oral Contracts of Sale—Breach—*
*Full Performance — Consideration — Recovery Back—Quan-*
*tum Meruit.*

Actions—Express Contracts—Full Performance—*Quantum Meruit.*
1.   When a party has fully performed an express contract, he may
sue upon *quantum meruit.*
Same — Real Property — Oral Contract of Sale — Breach — Recovery of
Consideration Paid—*Quantum Meruit.*
2.   The purchaser of realty under an oral contract may, in case the
seller refuses to convey, recover upon *quantum meruit* the considera-
tion paid by him, whether it consists of money or services rendered.

*Appeals from District Court of Meagher County; John A.*
*Matthews, Judge.*

ACTION by William Dalgarno against H. Holloway.   Judg-
ment for plaintiff.   Defendant appeals from the judgment and
from an order denying him a new trial.   Affirmed.

*Mr. E. K. Cheadle* and *Mr. W. C. Husband,* for Appellant,
submitted a brief; *Mr. Cheadle* argued the cause orally.

*Messrs. Jones & Jones,* for Respondent, submitted original
and a supplemental brief; *Mr. William Jones* argued the cause
orally.

MR. JUSTICE HURLY delivered the opinion of the court.

Action for work and labor and material furnished.   De-
fendant (appellant) denied any indebtedness and, for separate
defenses, alleged that he and respondent entered into an agree-
ment by which respondent and his brother were to be allowed
the use of a water right on Mexican John Creek owned by
appellant, and that in consideration of such use, respondent
would extend a ditch on the Musselshell River, through which

56 Mont.—36

appellant would be furnished water in lieu of that which was taken by respondent and his brother from Mexican John Creek, and that the appellant was not to be responsible for any labor or material furnished in reconstructing or extending the ditch.

Briefly, plaintiff's evidence was to the effect that he and defendant entered into an oral contract by the terms of which plaintiff was to dig a ditch to take water from the Musselshell River to defendant's ditch, in consideration for which, defendant agreed to deed to plaintiff and his brother the waters of Mexican John Creek; that plaintiff performed the work and that defendant refused to convey; that the reasonable value of his services and the material furnished was the sum alleged in the complaint.

Error is specified that the proof constituted a variance from the allegations of the complaint; that the complaint alleges a cause of action for labor and materials used in the construction of a ditch, while the proof tends to show breach of an agreement to convey realty; and that the agreement being within the statute of frauds, the plaintiff should have asked for specific performance or for damages.

That, when a party has fully performed an express contract, [1] he may sue upon *quantum meruit,* admits of no question in this state. (*Blankenship* v. *Decker,* 34 Mont. 292, 85 Pac. 1035; *Waite* v. *C. E. Shoemaker & Co.,* 50 Mont. 264, 146 Pac. 736.)

It is also the right of a purchaser of realty under an oral [2] contract, in case the seller refuses to convey, to recover upon *quantum meruit* the consideration paid by him, whether the same consists of money or services rendered. (Sedgwick on Damages, 9th ed., sec. 651.)

We find no variance; and, the jury having decided for plaintiff, all conflicts in the evidence have been resolved in his favor.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and COOPER concur.