WILCOX, APPELLANT, *v.* NEWMAN, RESPONDENT.

(No. 4,135.)

(Submitted April 14, 1920. Decided May 19, 1920.)

[190 Pac. 138.]

*Work and Labor — Contracts — Quantum Meruit—Evidence—*
*Variance—Pleading and Practice—Reply—Nonsuit.*

Work and Labor—Contracts—*Quantum Meruit*—Evidence—Variance.
 1. A party to an express contract may sue on *quantum meruit,* and, on showing performance, introduce the contract to prove reasonable value of the services rendered, such evidence not being objectionable on the ground of variance.

Variance—When Immaterial.
 2. A variance which did not mislead defendant to his prejudice was insufficient, under section 6585, Revised Codes, to warrant the granting of a nonsuit.

Same—Duty of Party Alleging.
 3. Where defendant moves for a nonsuit on the ground of variance, he must be able to prove to the satisfaction of the trial court how he was misled to his prejudice, the mere allegation that he was so misled being insufficient.

Pleading and Practice—Reply—When Unnecessary.
 4. Where the averments of the answer do not amount to an admission of the allegations of the complaint, but tend to establish some circumstance or fact not inconsistent with them, deny all of such allegations and plead facts inconsistent with plaintiff's cause of action, a reply is not necessary.

*Appeal from District Court, Jefferson County; W. A. Clark,*
*Judge.*

ACTION by Ruth Wilcox against L. Newman. From a judgment for defendant after nonsuit was granted and an order denying motion for new trial, plaintiff appeals. Reversed and remanded.

*Messrs. Donnelly & Carleton,* for Appellant, submitted a brief.

*Mr. M. H. Parker* and *Messrs. Freeman & Thelen,* for Respondent, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion. of the court.

Appellant Ruth Wilcox, Roy J. Wilcox and Arthur J. Wilcox are the children of one Ida J. Wilcox. The complaint herein contains three causes of action. The first alleges that from November 26, 1911, to December 28, 1913, plaintiff, at the special instance and request of Newman, performed work and labor at his lunch counter at Clancy, Montana, which services were of the "reasonable value of $960, being at the rate of $40 per month"; that no part thereof has been paid, and demand for and refusal of payment. The second cause of action contains like averments, except that the services are alleged to have been performed by Roy J. Wilcox and the claim assigned to plaintiff; while the third cause of action is identical with the second, except that Arthur J. Wilcox is alleged to have performed services, during the period mentioned, of the reasonable value of $760.

The answer, as to each of the causes of action, denies generally each of the allegations, and "alleges the fact to be" that defendant employed Ida J. Wilcox to conduct and operate the lunch counter under an agreement whereby she was to furnish and perform all labor and services necessary in connection therewith, at a wage of $75 per month, later raised to $90 per month, and room and board for her three children; that defendant paid the said Ida J. Wilcox the said wages as they became due during all of the said period, and furnished the room and board as agreed; that defendant had no other agreement or understanding with the said Ida J. Wilcox, or with any other person. or persons, with reference to running said lunch counter; and further alleges that, during said period, each of said children was a minor.

On the trial Ida J. Wilcox, and each of the said children, testified that respondent called on them at Shelby, Montana, and employed the entire family, and, while all were present, agreed to pay each of the children $40 per month. Each of the children, in addition to stating that such was the agreement,

testified that the sum of $40 per month was a reasonable wage for the services performed. They attempted to explain their failure to collect their wages from month to month, by stating that they did not need the money and would as soon have it with Mr. Newman as in a bank.

The plaintiff having rested, defendant moved for a judgment [1] of nonsuit on the ground of variance, in that plaintiff sued upon an implied contract while the testimony shows that, if a contract was entered into, it was an express contract for services at $40 per month, board and room. In urging the motion, counsel stated: "The defendant has received no intimation that there would be any other contention than the contract sued upon, which is an implied one." Thereupon the court made the following order, sustaining the motion: "There is not any question in this case that every witness has gone on the stand and has positively and absolutely sworn, as strong as they could, to an express contract, that Mr. Newman would pay them $40 per month to go down and work for him; that is what they have sworn to on every occasion, uniformly and consistently, and the complaint alleges a *quantum meruit*, that is, the reasonable value of the services would be $40.00 a month; there is a variance here between the pleadings, and the proof, and it is a matter that the court should take care of. The motion is sustained."

There are but two assignments of error, to-wit: That the court erred in sustaining the motion, and that it erred in overruling the motion for a new trial.

1. There can be no question but that a party with whom an express contract has been made may sue on *quantum meruit*, and thereafter, on showing a performance of the contract, introduce the express contract to prove the reasonable value of the services rendered. In the case of *Blankenship* v. *Decker*, 34 Mont. 292, 298, 85 Pac. 1035, 1037, this court held that "Upon a complete performance of an express contract for services at a stipulated compensation, there seems to be no sound reason why a recovery may not be had upon the *quantum*

*meruit.* (*Burgess* v. *Helm,* 24 Nev. 242, 51 Pac. 1025; *Shepard* v. *Mills,* 173 Ill. 223, 50 N. E. 709; *Fells* v. *Vestvali,* 2 Keyes (N. Y.), 152.) In such case the effect of proof of the express contract is to make the stipulated compensation the *quantum meruit* in the case." While it is said that the statement in the *Blankenship Case* is *obiter,* the rule is again announced in the case of *Neuman* v. *Grant,* 36 Mont. 77, 92 Pac. 43, and in *Waite* v. *Shoemaker,* 50 Mont. 264, 146 Pac. 736, and recently in the case of *Daly* v. *Kelley,* 57 Mont. 306, 187 Pac. 1022, and in that of *Dalgarno* v. *Holloway,* 56 Mont. 561, 186 Pac. 332, where it is said: "That when a party has fully performed an express contract, he may sue upon *quantum meruit,* admits of no question in this state."

The general rule is stated in *Cyc.* as follows: "Where there is a special agreement and the plaintiff has performed on his part, the law raises the duty on the part of the defendant to pay the price agreed upon, and the plaintiff may count either on the implied *assumpsit* or on the express agreement. * * * The only effect in such a case of proof of an express contract fixing the price, is that the stipulated price becomes the *quantum meruit* in the case. It is not a question of variance, but only of the mode of proof of the allegations of the pleading." (9 Cyc. 685.) In the case of *Burgess* v. *Helm,* 24 Nev. 242, 51 Pac. 1025, the rule is announced as above, but closes with the statement: "There is no reason why a recovery may not be had upon a complaint on *quantum meruit* * * * when the opposite party to the action has not been misled in his defense."

Counsel contends that, even though the general rule is as [2, 3] stated, the court was justified in sustaining the motion under the foregoing qualification to the rule. But, even though it may be said that there was a variance between the pleadings and the proof, which we will go so far as to say, our Code provides that "no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in main-

taining his action or defense upon the merits. Whenever it appears that a party has been so misled, the court may order the pleadings to be amended, upon such terms as may be just.'' (Rev. Codes, sec. 6585.) ''Under such statutes, it is not enough for the party to allege merely that he has been misled, but it must be proved to the satisfaction of the court. An affidavit should ordinarily be filed showing in what respect the party has been surprised or misled.'' (31 Cyc. 703, 704, and cases cited.) Counsel in his motion made no suggestion that defendant was misled to his prejudice in maintaining his defense; the only variance, if any, was as to fixing the wages, rather than leaving the amount to be fixed. The defendant having denied the entire transaction, we cannot see wherein his defense could have differed had the complaint alleged an express contract as to wages in addition to the allegation of a contract of employment. The court based its order squarely on its ruling that there was a variance, without regard to the effect of the defense. The testimony, if uncontradicted, was sufficient to warrant a verdict in favor of the plaintiff, and the court erred in taking the matter from the jury.

2. Counsel for respondent insists that, even though the court [4] erred in granting the motion for judgment of nonsuit, the motion denying a new trial was proper, for the reason that new matter was set up in the answer, to which no reply was filed. The rights of the defendant by reason of the failure of plaintiff to file a replication were not raised in the court below, either by motion for judgment on the pleadings or by objection to the introduction of testimony, nor was the fact mentioned in the motion for nonsuit. The cause was tried evidently upon the theory that the issues tendered were joined by the answer. We will, however, dispose of the question of the necessity of a reply, without regard to whether the question was timely raised.

The test as to when a replication is necessary is given in the case of *Stephens* v. *Conley*, 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189, quoting from *Mauldin* v. *Ball*, 5 Mont. 96, 1 Pac. 409: '' 'Whatever facts are alleged in the answer, that

might have been proved under a specific denial of the allegations of the complaint, may be considered as and are equivalent to a specific denial of such allegations, and require no replication; for such an answer forms an issue, and whatever averments of the answer amount to an admission of the allegations of the complaint, and tend to establish some circumstance or fact not inconsistent with all such allegations, constituting a defense or counterclaim, and which could not be proved under a specific denial, are new matter and require a replication.' The rule appears to be, then, that if the facts stated in the answer could have been proved under a denial of the allegations in the complaint, they do not constitute new matter within the meaning of the Practice Act, and the failure to reply does not amount to an admission of the truth of the matters stated as against the plaintiff.''

In *Hanson Sheep Co.* v. *Bank*, 53 Mont. 324, 163 Pac. 1151, this court said: ''Any evidence is admissible under a general denial which tends to controvert the allegations of the complaint. This includes evidence of any fact which is inconsistent with, and thus negatives, the plaintiff's cause of action.''

The case of *Chealey* v. *Purdy*, 54 Mont. 489, 171 Pac. 926, is directly in point here, for there the court said: ''The defendant, under his general denial, may introduce any evidence which tends to show that he did not enter into the contract, or that he made a contract different in one or more substantial particulars from that alleged, or that the plaintiff has failed to fulfill the obligations assumed by him therein according to its terms, or any other fact which tends to destroy, not to avoid, the cause of action alleged.''

Here the averments of the answer do not ''amount to an admission of the allegations of the complaint, and tend to establish some circumstance or fact not inconsistent with such allegations,'' but, on the contrary, they emphatically deny all of such allegations and set up facts ''inconsistent with, and thus negative, plaintiff's cause of action.'' Under the above rules, every fact alleged in the answer could have been proved under

either a general or specific denial of the allegations of the complaint, and no replication was therefore necessary.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.