RICHARD DENTON, Plaintiff and Respondent, v. ARTHUR T. SALVESON, Defendant and Appellant.

No. 9595.

Submitted September 23, 1957. Decided November 21, 1957.

Rehearing Denied December 6, 1957.

317 Pac. (2d) 1085.

Mr. Arthur R. Meyer, Billings, Messrs. Loble & Picotte, Helena, for appellant.

Messrs. Mouat & Overfelt, Billings, for respondent.

Mr. Gene A. Picotte and Mr. Lee Overfelt argued orally.

MR. CHIEF JUSTICE HARRISON:

Plaintiff herein commenced an action in November of 1954 against the defendant, the complaint alleging that between on or about October 19, 1953, and November 20, 1954, the plaintiff, at the special instance and request of the defendant, performed certain work, labor and services for the defendant in assisting him in acquiring oil and gas leases in Montana; that said services were of the reasonable value of $20,000 which had not been paid though demand therefor had been made, and that the defendant had failed and refused to pay the same or any part thereof.

Defendant filed demand for bill of particulars and special and general demurrer. A bill of particulars, dated January 10, 1955, was served on January 11, 1955, upon the defendant. The demurrer was overruled by the court on January 17, 1955, and defendant filed his answer in the form of a general denial on April 21, 1955.

The bill of particulars disclosed that on or about October 19, 1953, in Billings, Montana, defendant proposed to plaintiff that plaintiff work for and assist defendant in obtaining oil and gas leases in eastern Montana; that it was agreed plaintiff should furnish a car for transportation; that defendant would furnish gasoline and oil for the car and each was to pay his own expenses for hotel and meals; that plaintiff was to help defendant contact landowners in the area; that if oil and gas leases were obtained they would be sold and plaintiff would be paid one-half of the profits therefrom as his compensation. Pursuant to the agreement and the employment, plaintiff drove his car approximately 12,000 miles from February, 1954, until about November 20, 1954; that plaintiff furnished all oil and gas and devoted approximately three weeks of every month to the work between October 19, 1953, and about November 20, 1954; that in addition he acted as notary public on some of the oil and gas leases obtained; that during said period of time they traveled in various counties; that plaintiff introduced defendant

to many of his friends and acquaintances and assisted defendant in obtaining oil and gas leases; that as a result of this work certain oil and gas leases were obtained; that certain leases were sold and that plaintiff was informed and believed that the profits from said sales had been realized by the defendant in excess of $40,000.

The action was tried before a jury commencing on June 14, 1955, and the jury returned a verdict in favor of the plaintiff, from which this appeal has been taken.

Ten specifications of error are urged by the defendant. They may be grouped into three contentions. The first is that there was a fatal variance between the allegations of the complaint and the contents of the bill of particulars. The second is that there was a fatal variance between the allegations of the complaint and the proof, amounting to a total failure of proof. The third is that the court committed error in giving and refusing certain jury instructions. We will discuss the contentions of the defendant in that order:

The first contention of the defendant is that the complaint set forth a cause of action for reasonable value of services rendered by plaintiff to defendant, a cause of action in *quantum meruit,* but that the bill of particulars sets forth a partnership or joint venture relationship between the parties. Defendant contends further that the theory of *quantum meruit* is antagonistic to the idea of partnership or joint venture and that the bill of particulars cannot be used to change the cause of action stated in the complaint. Defendant then contends that such being the case the plaintiff is bound by the contents of the bill of particulars.

Defendant cites no Montana authority for this position, and it has long been the rule in this jurisdiction that when a contract for services has been fully performed and nothing remains to be done except the payment, that the liability for such payment may be enforced in an action for the reasonable value of the services. Neuman v. Grant, 36 Mont. 77, 92 Pac. 43; De Young v. Benepe, 55 Mont. 306, 176 Pac. 609; Dalgarno v. Holloway,

56 Mont. 561, 186 Pac. 332; Daly v. Kelley, 57 Mont. 306, 187 Pac. 1022; Wilcox v. Newman, 58 Mont. 54, 190 Pac. 138.

In the latter case this court in 58 Mont. at page 56, 190 Pac. at page 139, said:

"There can be no question but that a party with whom an express contract has been made may sue on *quantum meruit*, and thereafter, on showing a performance of the contract, introduce the express contract to prove the reasonable value of the services rendered. In the case of Blankenship v. Decker, 34 Mont. 292, 298, 85 Pac. 1035, 1037, this court held that—'Upon a complete performance of an express contract for services at a stipulated compensation, there seems to be no sound reason why a recovery may not be had upon the *quantum meruit*. Burgess v. Helm, 24 Nev. 242, 51 Pac. 1025; Shepard v. Mills, 173 Ill. 223, 50 N.E. 709; Fells v. Vestvali, 2 Keyes, N.Y., 152. In such case the effect of proof of the express contract is to make the stipulated compensation the *quantum meruit* in the case'. While it is said that the statement in the Blankenship case is obiter, the rule is again announced in the case of Neuman v. Grant, 36 Mont. 77, 92 Pac. 43, and in Waite v. Shoemaker, 50 Mont. 264, 146 Pac. 736, and recently in the case of Daly v. Kelley, 57 Mont. [306], 187 Pac. 1022, and in that of Dalgarno v. Holloway, 56 Mont. 561, 186 Pac. 332, where it is said: 'That when a party has fullly performed an express contract, he may sue upon *quantum meruit*, admits of no question in this state'.

"The general rule is stated in Cyc. as follows: 'Where there is a special agreement and the plaintiff has performed on his part, the law raises the duty on the part of the defendant to pay the price agreed upon, and the plaintiff may count either on the implied *assumpsit* or on the express agreement * * * The only effect in such a case of proof of an express contract fixing the price, is that the stipulated price becomes the *quantum meruit* in the case. It is not a question of variance, but only of the mode of proof of the allegations of the pleading'. 9 Cyc. 685. In the case of Burgess v. Helm, 24 Nev. 242, 51 Pac. 1025, the rule is announced as above, but closes with the statement: 'There

is no reason why a recovery may not be had upon a complaint on *quantum meruit* * * * when the opposite party to the action has not been misled in his defense'.''

While defendant contends there was a partnership under the facts set forth in the bill of particulars, it would appear that the fact situation herein is comparable to those in Porter v. Moore, 130 Mont. 259, 300 Pac. (2d) 513, 517, being an action for an accounting and dissolution of an alleged partnership between the parties. There the district court determined it was not a partnership and this court stated: ''However the existence of a partnership depends upon the intention of the parties which must be ascertained from all the facts and circumstances and the actions and conduct of the parties. Gaspar v. Buckingham, 116 Mont. 236, 153 Pac. (2d) 892.'' .

In the Porter case, supra, a partnership had been admitted by both parties and this court stated further: ''While both parties referred to the agreement as a partnership, in their pleadings and in their testimony, and both purported to have pleaded the alleged terms of the agreement '[to prove the terms and conditions of their agreement]' nevertheless the allegation of 'partnership' is but a legal conclusion and neither the trial court nor the appellate court will be bound by nomenclature to the exclusion of substance.''

In the instant case while defendant urges that the bill of particulars shows a partnership, the plaintiff has never claimed it was a partnership. The testimony of the defendant himself is to the effect that he was not in partnership with the plaintiff at any time. There is no contention by the defendant that he has been misled in any way by the contents of the bill of particulars. He was aware of the contents of the bill for many months prior to the trial and made no objection to the contents thereof, though he was aware of the same for more than three months before he filed his answer herein.

Turning then to the second contention that there was a fatal variance between the allegations of the complaint and the proof amounting to a total failure of proof. Defendant urges there

was proof of a contract different from that alleged in the complaint, but what we have said heretofore in this opinion disposes of that argument. Defendant's other contentions in this regard are that there is an absence of settlement of partnership affairs, accounting and dissolution; and that partners or joint venturers cannot sue each other in *quantum meruit* for services rendered.

It is apparent from its instructions that the district court did not find that a partnership or joint venture existed, and we fail to find in the review of the evidence herein any reason to differ with the district court's ruling in that regard.

While plaintiff, in testifying, referred to the arrangement as a partnership, that did not make it one, and he fully explained the details of the manner in which plaintiff and defendant were working. The defendant at all times disclaimed any partnership relationship with the plaintiff, in fact testified that he told plaintiff: "The only way that you can work for me or with me is on that basis, that I will pay you a reasonable compensation for any and all services that you render, but I would not enter into a fifty-fifty partnership deal with anybody." Defendant further testified: "I told him that the only way that he could work with me or for me, was that I would give him a reasonable compensation for whatever he done. That is the way we went ahead. There was no more agreements. That was the first and final specific agreement I had with him." Defendant was asked: "Did you ever make an agreement with Richard Denton to enter into a joint venture or partnership with him? A. I should say not. Absolutely no."

A reading of the record discloses that the men were working together and if we accept defendant's version of the arrangement, the plaintiff was his employee, working for a reasonable compensation. Admittedly, plaintiff was never paid anything by the defendant and brought this action to recover for his services upon a *quantum meruit*, disclosing to the defendant prior to trial by the bill of particulars the basis thereof. The proof upon the trial did not deviate from the particulars set forth in the bill, and in this situation it is not possible to see

where defendant could have been prejudiced or misled in any manner.

The third contention of the defendant is with regard to the instructions given and refused. Since we hold that this is a *quantum meruit* case, the jury were properly instructed with regard thereto. In this view of the matter there was no error in the refusal to give the offered instructions of the defendant to which exception was made. Such refusal was proper.

No error appearing in the record the judgment is affirmed.

MR. JUSTICES CASTLES, ANGSTMAN and ADAIR concur.