BOB JOHNS, Plaintiff and Respondent, v. MODERN HOME CRAFTERS, INC., a Corporation, Defendant and Appellant.

No. 9694.
Submitted January 14, 1958. Decided July 30, 1958.
328 Pac. (2d) 641.

Fred N. Dugan, Billings, argued orally for appellant.

Jones, Olsen & Dowlin, Billings, for respondent.

Paul G. Olsen, Billings, argued orally for respondent.

MR. JUSTICE ANGSTMAN:

Defendant has appealed from a judgment in favor of plaintiff based upon the verdict of a jury. The complaint contains two causes of action. The jury awarded $2,956 on the first cause of action and $73.96 on the second.

In the first cause of action plaintiff seeks recovery for work, labor, and services performed pursuant to an agreement with the defendant, and in which it is alleged that defendant "has become indebted to the plaintiff" in the sum of $2,956 for such work, labor, and services but has not been paid the same or any part thereof.

The second cause of action seeks to recover for two ladders alleged to have been loaned by the plaintiff to the defendant "with the implied agreement that the defendant would compensate the plaintiff for the use thereof at a reasonable price." It is alleged that the defendant has been in possession of the

ladders for one year and has refused and neglected to relinquish them after demand or to pay a reasonable sum for the use thereof. It is alleged that the reasonable worth of the ladders is the sum of $338.

Defendant demurred to each cause of action and after its demurrer was overruled it filed an answer denying generally the allegations of the complaint except the defendant admits that plaintiff and defendant entered into an agreement whereby the plaintiff performed work and labor for the defendant at an agreed rate of compensation. It admits that pursuant to that agreement the plaintiff earned and the defendant was obligated to pay to the plaintiff the sum of $2,956.

It then alleges that on and between the 31st day of August 1953, and the 9th day of April 1954, at Billings and at other places, the defendant paid to plaintiff the money demanded in the complaint by way of cash and by way of the value of rentals. The parties agreed that any and all affirmative matter contained in the answer was deemed denied by the plaintiff.

At the trial, plaintiff to prove his first cause of action was asked this question: "Mr. Johns( what was the total sum of money due and owing to you from Modern Home Crafters at the end of your term of employment?" This was objected to as calling for a conclusion. The objection was overruled and the witness answered "$2,956." He was asked, "How much was paid to you on the $2,900?" His answer was, "Nothing." However, at another point plaintiff admitted that about $2,700 had been paid.

Defendant introduced in evidence checks issued by it and made payable to plaintiff which plaintiff admits receiving, aggregating in amount the sum of $2,963.64. In rebuttal plaintiff was then asked this question: "Are there any moneys the Modern Home Crafters owe you that they failed to pay you over and above the amounts evidenced by these checks?"

Objection was made to this question on the ground that it called for a conclusion and that it was a variance from the issues framed by the pleadings. The objection being overruled

the witness answered, "yes," and stated the amount to be $2,965. Later he said the correct amount was $2,956. There was no other evidence showing how the conclusion was arrived at or what items went to make up the total.

Defendant contends that the first cause of action does not ▮ state facts sufficient to constitute a cause of action in that the allegations are but conclusions of law. For the purposes of this opinion we assume without so deciding that it does state facts sufficient to constitute a cause of action. The court erred in overruling the objection made to the rebuttal evidence.

Under our statute, R.C.M. 1947, section 93-3202, subd. 2, a complaint must advise the defendant "in ordinary and concise language" of the facts upon which plaintiff predicates his right of recovery. Here according to the allegations of the complaint the only issue that defendant was required to meet was the issue regarding the amount of $2,956 which plaintiff claimed to have earned.

When plaintiff was permitted to testify that there was still $2,956 due him after he had been paid that much, defendant was confronted with a cause of action not pleaded. The only issue tendered by the pleadings was whether the sum of $2,956, claimed by plaintiff, had been paid as alleged in the answer and as shown by the cancelled checks. In fact, in his brief, counsel for plaintiff makes this statement: "The only thing in issue at the trial on the first cause of action was whether or not the defendant corporation had paid to the plaintiff the sum of $2,956, and if said amount was still owing to the plaintiff."

The record leaves no doubt that defendant paid plaintiff the sum of $2,963.64 by checks.

If plaintiff had earned $5,900 plus and was paid only $2,-963.64 defendant should have been so advised either in the complaint or in the reply. As the pleadings stood plaintiff's total claim for wages was $2,956, and this much the evidence shows had been paid.

It was error to admit the rebuttal evidence upon both grounds stated in the objection.

For a witness to state that another is indebted to him in a stated amount is a conclusion of law. 32 C.J.S. Evidence, section 453, page 91, note 67; Knowles v. Boylston, 103 Fla. 20, 137 So. 6; Frederick v. Ballard, 16 Neb. 559, 20 N.W. 870; Parker v. Otis, 130 Cal. 322, 62 Pac. 571.

Likewise, the evidence constituted a departure from the allegations contained in the pleadings. As counsel for plaintiff stated in his brief, the only issue was whether the defendant had paid plaintiff the sum of $2,956. There was no issue presented by the pleadings to justify the reception of evidence that plaintiff had earned $5,900 plus and that only $2,956 of that amount had been paid and this is the effect of the rebuttal evidence. That the variance related to a material matter there can be no doubt.

As to the second cause of action, as above pointed out, the pleading alleged an implied agreement that the defendant would compensate the plaintiff for the use of the ladders at a reasonable price. At the trial it was shown that there was but one ladder. It was an extension ladder consisting of two parts, each being 24 feet in length. Plaintiff paid about $61 for it new. To support his second cause of action, plaintiff testified that there was an express agreement to pay plaintiff for the use of the ladders the reasonable sum of $6.50 per week. Defendant objected to this testimony and moved to strike it from the record upon the ground that it constituted a variance, and was not within the issues framed by the pleadings. The objection and motion to strike were overruled. They should have been sustained.

The rule is well-established that it is a fatal variance to allege an implied contract and prove an express contract. In 17 C.J.S. Contracts, section 569, page 1204, it is said: ''Where an action is on an implied contract to recover the reasonable value of goods or services, and the proof shows a special or express contract for a stipulated price, the variance is fatal * * *''

And see 41 Am. Jur., Pleading, sections 374, 375, pages 550, 551, where the converse of the above rule is stated as follows: "If the plaintiff in his declaration or complaint relies on an express contract, he must prove it as laid, and cannot support his case by proof of an implied one, especially in the absence of an allegation of value."

The author of 17 C.J.S. after making the statement above-quoted then continued and notes an exception recognized by some courts when defendant has not been misled, but the decided weight of authority condemns this as a fatal variance. One other point must be noted with respect to the second cause of action. The evidence which went in over defendant's objection shows that the ladder was loaned by plaintiff to James Wisecup an applicator working for defendant corporation and okayed by Sid Neville at the agreed price of $6.50 per week.

Sid Neville was shown to be a salesman for defendant company and had charge of hiring salesmen and assigning jobs to the applicators. He also had authority to discharge applicators. He was also treasurer of defendant company. Defendant contends that the evidence is insufficient to show authority from defendant company for Neville to borrow or authorize another to borrow property for the company. This contention must be sustained. There was no proof that Neville had committed previous acts of borrowing so as to show implied authority to borrow personal property for the corporation, nor was there any proof that the corporation furnished ladders to its applicators. Plaintiff of course has the right to recover his ladder but that recovery must be sought from the person having possession thereof. He may also recover the value of its use or the agreed compensation for the use, but to charge defendant company therefor it will be incumbent upon plaintiff to make a showing that defendant either authorized Neville to borrow the ladder or acquiesced in his so doing and ratified his acts after knowledge thereof. As the record now stands under the principles of law announced in Trent v. Sherlock, 24 Mont. 255, 61 Pac. 650, we must hold that the evidence was

insufficient to show authority on the part of Neville either express or implied to bind the corporation on an agreement to pay for the use of the ladder.

The judgment is reversed. In view of the fact that plaintiff may have a good cause of action on both counts, if properly pleaded and proven, the cause is remanded for a new trial, with directions for the court to allow plaintiff time to amend his complaint if he so desires.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES concur.

THE HORORABLE JOHN B. McCLERNAN, District Judge (dissenting).

I dissent, being of the opinion that the evidence is sufficient to sustain the verdict and that the judgment should be affirmed. THE HORORABLE JOHN B. McCLERNAN, District Judge (sitting in place of MR. JUSTICE BOTTOMLY).

MR. JUSTICE ADAIR (dissenting).

There is ample substantial evidence to sustain the jury's verdict herein for which reason the judgment based on such verdict should be affirmed. I therefore dissent.