R. B. FRASER, Plaintiff and Appellant, *v.* JOHN WILLIAMS, Defendant and Respondent.

No. 10231.

Submitted December 4, 1961. Decided January 11, 1962.

367 P.2d 769.

Ralph J. Anderson (argued orally), and Stanley P. Sorenson, Helena, for appellant.

Charles F. Moses, John P. Acher (argued orally), Billings, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the thirteenth judicial district in an action brought to recover $10,000 for the sale of stock in the Montana Hudson Co., a corporation. Following trial with a jury a verdict was rendered in favor of the defendant, John Williams.

The plaintiff, R. B. Fraser, appellant here, alleged in his complaint that on May 1, 1950, he sold to the defendant Williams, one hundred shares of capital stock of the Montana Hudson Co.; that plaintiff delivered the stock to the defendant,

and that the defendant Williams agreed to forthwith pay him the sum of $10,000, which sum is still due and owing.

The plaintiff's case in chief discloses the following facts: In 1946, the Montana Hudson Co. was formed. The incorporators were R. B. Fraser, Bert Kearns, and John Williams. On August 1, 1947, there was a reorganization of the corporation. The stock was subsequently reissued to the three incorporators in amounts equal to their alleged ownership. The stock certificates issued to R. B. Fraser were never withdrawn from the stock book.

Fraser testified that he never delivered the stock which was alleged in the complaint to have been delivered to the defendant Williams. Fraser also testified that there never was a sale of the stock made by him to Williams, however there was an agreement to sell stock to Williams. The alleged agreement to sell the stock to Williams took place at the time of the reorganization of the corporation August 1, 1947.

At the close of the plaintiff's case in chief, the defendant moved for a nonsuit and a directed verdict on the ground that there was a failure of proof and a variance between the allegations of the complaint and the proof. The court denied the motion. Thereafter, the trial proceeded and the case was submitted to the jury, which returned a verdict for the defendant.

Fraser now alleges error based on the premise that the court erred in refusing to instruct the jury as to his theory of the lawsuit. He now contends that Williams was to hold the stock issued to him by the corporation as a trustee.

The theory now adopted by the plaintiff is in direct conflict with the allegations in his complaint. During the trial, plaintiff made no attempt to have his complaint amended to conform with the proof. In addition, the defendant continuously objected to the plaintiff's proof on the ground it was not within the pleadings.

It is apparent from a reading of the record that there is considerable divergence between the allegations of the com-

plaint and the proof at trial. In the complaint, a sale was alleged to have taken place in May, 1950, wherein the plaintiff alleged delivery of the one hundred shares of stock in return for a promise to pay $10,000. The proof at the trial establishes that there never was a sale, but it was contended there was an agreement to sell stock in 1947. In addition, no delivery of any stock was ever made.

Sections 93-3901 and 93-3902, R.C.M. 1947, which deal with variance are subject to section 93-3903, R.C.M. 1947, which states: "Where, however, the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance, within the last two sections [93-3901 and 93-3902, supra], but a *failure of proof.*"

In Kalispell Liquor & Tobacco Co. v. McGovern, 33 Mont. 394, 84 P. 709, this court held that where one contract is alleged and another contract proven, there is not a variance within the meaning of the statutes but rather it is a failure of proof within section 93-3903, supra.

In Puetz v. Carlson, 139 Mont. 373, 364 P.2d 742, 747, although the case considered the question whether there was a fatal variance when the complaint was based upon the theory of *quantum meruit* and an express contract was proven at the trial, this court stated: "When an express contract is alleged it must be proved. Failure to do so is not merely a variance but it is rather a failure of proof, and recovery can not be had on proof of an implied contract." See also 17 C.J.S. Contracts, § 570, p. 1205, wherein it is stated that "the contract relied on must be established as pleaded, a party cannot sue on one contract and recover on another, and a plaintiff suing on contract must recover, if at all, on the identical contract alleged."

Therefore, in the instant case because the contract alleged was not proven but rather an attempt was made to prove an entirely different contract, under section 93-3903, supra, as

construed in the McGovern case, there was a failure of proof on behalf of the plaintiff. The district court erred in refusing to direct a verdict for the defendant.

Because this court finds that the district court erred in refusing to direct a verdict for the defendant, no reason exists for examining the plaintiff's specifications of error which are based on the court's refusal to give certain instructions. Also, as the defendant was successful in the district court, no useful purpose would be served by remanding the case for entry of a directed verdict. Therefore, the judgment of the trial court is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and DOYLE concur.

MR. JUSTICE ADAIR:

I concur in the affirmance of the judgment entered in the district court in conformity to the jury's verdict in this cause, but do not concur in all that is said in the majority opinion herein.